**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHAUN ROBINSON,                                    3:15-cv-00169-MMD-VPC

                                  Plaintiff,

    v.                                             **REPORT AND RECOMMENDATION**
                                                   **OF U.S. MAGISTRATE JUDGE**

NEVADA SYSTEM OF HIGHER
EDUCATION, *et al.*,
                                  Defendants.

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's second amended complaint (#10). Having thoroughly reviewed this complaint and other papers, the court recommends that all claims against Salli J. Vannucci, Kim Baxter, Patsy Ruchala, George Rodway, Dr. Nora Constantino, Cathy Butler, Deborah Arnow, McKinnon Chappell, Thomas Schwenk, Mary Anne Lambert, and Joe Cline be dismissed with prejudice, but that other claims proceed as described herein.

## I.   HISTORY & PROCEDURAL BACKGROUND

Shaun Robinson ("plaintiff") filed his first amended *pro se* complaint on June 10, 2015 (#8). On July 8, 2015, the court screened the complaint and dismissed certain Counts with leave to amend (#9). Plaintiff filed his second amended complaint on July 16, 2015 (#10). This Report and Recommendation follows.

## II.  LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B)(i)-(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011).  When the court reviews a complaint under this standard, it accepts as true all of the plaintiff's allegations and construes the complaint in the light most favorable to the plaintiff.  *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel.  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).  The court is to "construe *pro se* filings liberally . . . and to 'afford the petitioner the benefit of any doubt.'"  *Id.*

Although the standard is broad, it is not limitless.  Despite the leniency afforded to *pro se* plaintiffs, the court need not accept as true conclusory allegations, unwarranted deductions, or unreasonable inferences.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  Further, the complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, the complaint must allege sufficient facts to state a claim "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

### A.   Second Amended Complaint

Plaintiff is a former nursing student at the University of Nevada, Reno ("UNR").  He enrolled in nursing classes at UNR's Orvis School of Nursing ("OSN") in December 2012 and began classes in spring 2013.  In short, he alleges that he received satisfactory interim grades, but was ultimately dismissed from the nursing program due to conflict that arose with his clinical class professor, Salli J. Vannucci ("Vannucci").  In the amended complaint, plaintiff sues the following entities and individuals: the Nevada System of Higher Education ("NHSE"); UNR; OSN; Vannucci; OSN Director Patsy Ruchala ("Ruchala"); OSN professors George Rodway ("Rodway"), Cathy Butler ("Butler"), Deborah Arnow ("Arnow"), and Dr. Nora Constantino

("Dr. Constantino"); former OSN nursing student McKinnon Chappel ("Chappel"); UNR Vice President Thomas Schwenk ("Schwenk"); OSN degree advisors Mary Anne Lambert ("Lambert") and Kim Baxter ("Baxter"); and UNR Vice Provost of Undergraduate Education Joe Cline ("Cline").

On May 3, 2013, Vannucci met with plaintiff to inform him that he would be given a failing grade for the clinical class and that, due to the status of the class as a core "competency" within the OSN degree program, he would not be permitted to continue as a nursing student. Plaintiff contends that, rather than a failing grade, he should have been awarded a C+ based on pertinent grade components, thus rendering his dismissal entirely unwarranted because he received A and B grades in every other nursing course.   On May 6, 2013, plaintiff emailed Vannucci a request to reconsider his grade.   At that time, he alleges that he was first made aware of several inaccurate evaluative comments, via the "Clinical Evaluation Tool," that had not been previously shared with him.   He contends that these were purposeful falsehoods that Vannucci relied upon to justify her decision to uphold his failing grade.

Thereafter, defendants and plaintiff participated in a formal appeal process pursuant to UNR Administrative Manual § 3.510.   Plaintiff argues that the process outlined therein failed to address his progress in the program and allows only three contests to a grade in a particular class—which the court construes as his allegation that the appeal process did not govern his particular circumstance.   In any case, plaintiff met with Vannucci and Ruchala on May 15, 2013 to begin appealing the grade.   Defendants convened a "Grade Appeal Committee" on June 3, 2013.   Without specifics, plaintiff claims that defendants formed the committee in a rash, unfair, and biased manner. Present at the hearing were plaintiff, Vannucci, Ruchala, and the committee members: Butler, Arnow, Chappell, and Dr. Constantino. Plaintiff contends that Vannucci restricted or deleted undescribed aspects of his class record, and that the committee failed to inquire into materials he presented.   He further alleges that, pursuant to § 3.510, he was forbidden from securing legal representation at the hearing or appealing the committee's decision.

The appeal was apparently denied, and plaintiff thereafter contacted Schwenk about the dismissal.   Schwenk upheld the decision on June 12, following what he described as a "holistic

review."   Schwenk declined plaintiff's further request for a meeting.    On June 14, plaintiff contacted Cline, who responded via email that there was no appeals process available to plaintiff following the committee's decision.   Cline responded with the same information to plaintiff's second and third inquiries on June 17 and 19, and he also declined to meet with plaintiff.

Since that time, plaintiff alleges that he suffered "harassment, discrimination, and the like" at his job at Renown Hospital in Reno, where many of the defendants and other OSN faculty perform clinical coursework.   Further, as many Renown staff are OSN graduates, including plaintiff's supervisors and managers, defendants allegedly have manipulated his co-workers to continue a pattern of harassment.   Plaintiff contends that the harassment intends to discourage him from entering the nursing profession, which he alleges is "extremely" hostile toward men in the Reno area.

**B.**    **Analysis**

Plaintiff should be allowed to proceed on some, but not all, of his claims, as the court describes more fully below.

**1.**    **Count I**

Plaintiff alleges that all defendants violated his Fourteenth Amendment right to due process.   As described in the screening order (#9), which allowed the claim to proceed only against NHSE, UNR and OSN, plaintiff was granted leave to amend because he failed to allege that any of the individual defendants was a responsible party for the absence of an appeals process.   Plaintiff's amended complaint fails to cure this deficiency, as he does not allege specific involvement by any of the individual defendants in the institutional defendants' failure to adopt a policy.   Therefore, the court recommends that the Count proceed as described in the screening order: the due process claim should proceed against NHSE, UNR, and OSN, and should be dismissed with prejudice against Vannucci, Ruchala, Rodway, Butler, Arnow, Chappell, Dr. Constantino, Schwenk, Lambert, Baxter, and Cline.

### 2.     Count II

In Count II, Plaintiff contends that all defendants violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*  He was granted leave to amend because he failed to allege that he was subjected to sex discrimination by an educational program.  (*Id.* at 5-6.)

Although Title IX does not expressly provide a private right of action, the Supreme Court "has recognized an implied right of action." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255 (2009) (citing *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 76 (1992)).  Under the statute, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  The statute's facial limitation to "programs" precludes a right of action against individual defendants.  As the Supreme Court has explained, "Title IX reaches institutions and programs that receive federal funds . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals . . . ." *Fitzgerald*, 555 U.S. at 257 (citing *Hartley v. Parnell*, 193 F.3d 1263, 1270 (11th Cir. 1999)).

Plaintiff adds several new allegations to his amended complaint.  Since he is a male nursing student at OSN, he claims that he is part of a protected class and was "treated differently" and "excluded [from] the benefits of participation in the education at OSN." (#10 at 6-7.)  Additionally, he avers that defendants' "direct actions . . . resulted in [his] dismissal." (*Id.* at 21.)  Construing plaintiff's complaint liberally, this allegation can be understood as his contention that he was dismissed because of his sex.  Thus, plaintiff states a colorable Title IX claim.  Since he is precluded by law from suing individual defendants, the court recommends that the claim proceed against NHSE, UNR, and OSN, and be dismissed with prejudice against Vannucci, Ruchala, Rodway, Butler, Arnow, Chappell, Dr. Constantino, Schwenk, Lambert, Baxter, and Cline.

### 3.     Count III

In Count III, plaintiff sues for breach of contract, namely, the OSN student handbook.  Since the complaint failed to allege facts by which a contractual relationship between him and the individual defendants could arise, he was granted leave to amend.  (#9 at 6.)  He makes no new

allegations in his amended complaint; thus, he fails to cure the deficiencies. The court recommends that the Count proceed as described in the screening order: the breach of contract claim should proceed against NHSE, UNR, and OSN, and should be dismissed with prejudice against Vannucci, Ruchala, Rodway, Butler, Arnow, Chappell, Dr. Constantino, Schwenk, Lambert, Baxter, and Cline.

### 4.    Count IV

Plaintiff was granted leave to amend regarding his claims for breach of fiduciary duty and breach of covenant of good faith and fair dealings because he failed to allege facts necessary to make plausible either claim.

A fiduciary relationship arises where one party is bound to act for the benefit of the other party. *Hoopes v. Hammargren*, 102 Nev. 425, 431 (1986). "'The essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, since the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party.'" *Id.* (quoting *Barbara A. v. John G.*, 145 Cal. App. 369, 383 (1983)). In Nevada, "every contract contains an implied covenant of good faith and fair dealing, . . . ." *Ins. Co. of the W. v. Gibson Tile Co.*, 122 Nev. 455, 461 (2006). "A contractual breach of the covenant of good faith and fair dealing arises 'where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract.'" *Ruggieri v. Hartford Ins. Co. of the Midwest*, No. 2:13-cv-00071-GMN-GWF, 2013 WL 2896967, at *3 (D. Nev. June 12, 2013) (quoting *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.,* 107 Nev. 226, 232 (1991)).

In plaintiff's amended complaint, he adds several new allegations. He contends that a "special type of trust" is formed between professors and students. (#10 at 24.) Also, he argues that professors take an oath, and thus, professors are expected to perform certain duties "with fidelity, good faith, and the confidence of the student." (*Id.*) Additionally, he avers that students are reliant on professors' "specialized knowledge . . . [and] grading techniques . . . [,]" and that this reliance creates a "special relationship" between him and the defendants. (*Id.* at 25)

The fiduciary claim remains deficient because plaintiff has not identified a fiduciary relationship. Professors can be viewed as providing a service to students through their teaching, but they are not required nor expected to inflate grades or perform other acts which would solely work to the benefit of students. Thus, student-teacher relationships differ significantly from a trustee-beneficiary relationship, where the trustee manages assets for the sole benefit of the designated beneficiary. Since defendants are not bound to act for the benefit of plaintiff, as required by a fiduciary relationship, the fiduciary breach claim fails as a matter of law. Further, plaintiff fails to establish the existence of a contractual relationship between him and the individual defendants. As such, there is no implied covenant. Assuming there is a contractual agreement between plaintiff and the institutional defendants, he nevertheless omits sufficient factual allegations that any of the entities deliberately contravened the "spirit of the contract," namely, the student handbook, while complying with other contractual terms. For this reason, he fails to cure the deficiencies pertaining to his breach of covenant claim. The court recommends that this Count be dismissed with prejudice in its entirety.

### 5. Count V

Plaintiff was granted leave to amend for his fraud claim because he failed to allege facts necessary to satisfy the claim's elements. (#9 at 8.)

In his amended complaint, he newly contends that OSN staff members, primarily Ruchala, made various changes to the OSN student handbook during 2012 and 2013, beginning on December 22, 2012. (#10 at 27.) From what the court understands, Baxter described certain changes to plaintiff on January 29, 2013, but that he was repeatedly informed by UNR and OSN that the newest version of the student handbook, titled OSN Handbook 2014, applied to him prior to his dismissal. (*Id.* at 27-28.) According to plaintiff, this handbook was allegedly created around July 7, 2013. (*Id.*) He finds this to be "a completely false misrepresentation of the policies and circumstances" and that the handbook from 2012 should apply. (*Id.*) He states that the school notified students of many of these upcoming revisions on OSN's website. (*Id.*)

Plaintiff concedes that he was informed of the changes to the handbook in several instances, and even saw the notification regarding these changes on OSN's website. He also

admits that Baxter first told him about these changes on January 29, 2013, which is prior to his dismissal.  Thus, he fails to allege a false representation by the defendants.  He also does not aver facts that suggest that they induced him to rely on one version or another of the OSN handbook. He believed, apparently mistakenly, that the older version governed.  In sum, although plaintiff has added more specificity in his amended complaint, the complaint remains deficient with respect to factual allegations that establish the necessary elements to proceed with a state-law fraud claim.  Therefore, the court recommends that the Count be dismissed with prejudice against all defendants.

**6.     Count VI**

Lastly, plaintiff brought a conspiracy claim against all defendants, to which he was granted leave to amend due to his failure to state particular facts regarding the formation and operation of the conspiracy.

Plaintiff adds no new allegations in his amended complaint.   Therefore, the court recommends that the Count be dismissed with prejudice against all defendants.

**IV.     CONCLUSION**

For the reasons above stated, the court recommends the plaintiff be permitted to proceed on Counts I, II, and III against NHSE, UNR, and OSN.  As against all defendants, the court recommends dismissal with prejudice of Counts IV, V, and VI.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,  the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that **COUNTS I, II, and III PROCEED** against NHSE, UNR, and OSN, and be **DISMISSED WITH PREJUDICE** against Vannucci, Ruchala, Rodway, Butler, Arnow, Chappell, Dr. Constantino, Schwenk, Lambert, Baxter, and Cline;

**IT IS FURTHER RECOMMEDED** that **COUNTS IV, V, and VI** be **DISMISSED WITH PREJUDICE** against all defendants.

**DATED**:  August 4, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**