UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAUN ROBINSON,<br><br>                      Plaintiff,<br>    v.<br><br>NEVADA SYSTEM OF HIGHER EDUCATION, *et al.*,<br><br>                      Defendants. | Case No. 3:15-cv-00169-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 11) ("R&R") relating to Plaintiff's Second Amended Complaint (dkt. no. 10). The Court has reviewed Plaintiff's objection (dkt. no. 13). For the reasons below, the Court adopts the R&R in part.

**II.    BACKGROUND**

Shaun Robinson ("Robinson") is a former nursing student at the University of Nevada, Reno ("UNR"). Proceeding *pro se* and *in forma pauperis*, Robinson alleges that Defendants violated the Fourteenth Amendment and Title IX of the Civil Rights Act, and committed several torts when they dismissed him from the Orvis School of Nursing ("OSN"). The timeline and details of relevant events are set out in the R&R.[1]

---

[1] In his objection, Robinson makes one factual clarification — he was informed of changes to the Orvis School of Nursing Handbook on January 29, 2014, rather than 2013. (Dkt. no. 13 at 10.)

Robinson filed his First Amended Complaint on June 10, 2015. (Dkt. no. 8.) Magistrate Judge Valerie P. Cooke granted Robinson's application to proceed *in forma pauperis* and screened his First Amendment Complaint pursuant to 28 U.S.C. § 195 on July 8, 2015. (Dkt. no. 8). Judge Cooke's screening order dismissed a number of counts and granted Robinson leave to amend to address the deficiencies identified in the order. (*Id.*) Robinson filed a Second Amended Complaint ("SAC") on July 16, 2015. (Dkt. no. 10.) Judge Cooke then screened the SAC and recommended that this Court dismiss all claims against Salli J. Vannucci, Kim Baxter, Patsy Ruchala, George Rodway, Dr. Nora Constantino, Cathy Butler, Deborah Arnow, McKinnon Chappell, Thomas Schwenk, Mary Anne Lambert, and Joe Cline ("Individual Defendants") with prejudice, and dismiss Robinson's claims for breach of fiduciary duty, breach of covenant of good faith and fair dealing, fraud, and conspiracy with prejudice. (Dkt. no. 11 at 8.)

Robinson filed an objection on August 11, 2015. (Dkt. no. 13.) He argues that the Magistrate Judge erred in concluding that his claims for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and fraud should be dismissed. Robinson does not object to the dismissal of the Individual Defendants in Counts I, II, and III, or the dismissal of his conspiracy claim.

### III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Robinson's objection, and mindful that he is proceeding *pro se*, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R.

28 U.S.C. § 1915 requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

On a Rule 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Robinson's pleadings with the appropriate degree of leniency.

///

## IV.   DISCUSSION

The Court agrees with the Magistrate Judge's recommendation to dismiss the Individual Defendants with prejudice. The Court also agrees with the Magistrate Judge's recommendation to dismiss Robinson's claims for breach of fiduciary duty, fraud, and conspiracy with prejudice. However, the Court finds that Robinson has adequately stated a claim for a breach of the implied covenant of good faith and fair dealing.

### A.   Count IV: Breach of Fiduciary Duty and Covenant of Good Faith and Fair Dealings

In Count IV, Robinson alleges that Defendants breached a fiduciary duty created by a student/educator relationship. He further alleges that by dismissing him from the nursing program, Defendants violated an implied covenant of good faith and fair dealing. (Dkt. no. 10 ¶¶ 108-19.)

Magistrate Judge Cooke found that Robinson has not identified a fiduciary relationship, and has not pled sufficient factual allegations to support a finding that Defendants contravened the spirit of any contract, assuming a contractual relationship existed. (Dkt. no. 11 at 7.)

#### 1.   Breach of Fiduciary Duty

A breach of fiduciary duty claim requires a plaintiff to show the existence of a fiduciary duty, the breach of that duty, and damages proximately caused by the breach. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–81 (9th Cir. 2007) (applying Nevada law); *see also Clark v. Lubritz*, 944 P.2d 861, 866-67 (Nev. 1997). "A fiduciary relation exists between two persons when one of them is under a duty to act for the benefit of another upon matters within the scope of the relation." *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009). Moreover, fiduciary relationships arise where the parties do not deal on equal terms and there is special trust and confidence placed in the superior party. *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986).

Robinson correctly points out that the relationship between a student and an educator is a distinct relationship that is treated with special care in some areas of the

4

law. He offers the analogy of a patient/doctor relationship, which Nevada recognizes give rise to a fiduciary duty by the doctor to the patient. *See Hoopes*, 725 P.2d at 242.

While an educator may have some special duties to students in the tort context, these duties do not rise to a fiduciary relationship in the circumstances Robinson describes. Robinson has not provided, and the Court's own research has been unable to locate, a single case holding that a college professor or university has a fiduciary duty to their students in the ordinary academic context.[2] To the contrary, several courts who have addressed this issue reached the same conclusion as the Magistrate Judge — a fiduciary relationship does not exist in this context. *See e.g.*, *Zumbrun v. Univ. of S. California*, 25 Cal. App. 3d 1, 13 (Ct. App. 1972) ("an agreement to communicate one's knowledge, exercising his special knowledge and skill in the area of learning concerned, does not create a trust but only a contractual obligation."); *Ho v. Univ. of Texas at Arlington*, 984 S.W.2d 672, 693 (Tex. App. 1998) ("[W]e do not find as a matter of law that formal fiduciary relationships exist between teachers and students in a normal educational setting.")

The Court agrees with the Magistrate Judge. Robinson's allegations, even if accepted as true, do not establish the existence of a fiduciary relationship. Because Robinson failed to show "all the material elements necessary to sustain recovery under some viable legal theory," *Twombly*, 550 U.S. at 562, he cannot state a claim for breach of fiduciary duty. The Magistrate Judge correctly found that Robinson failed to cure the deficiencies identified in the Magistrate Judge's order. Moreover, the Court finds that because Robison cannot allege that a fiduciary relationship exists under the circumstances of this case, amendment would be futile. Accordingly, the breach of fiduciary duty claim is dismissed with prejudice.

---

[2] Some courts have found a fiduciary relationship in the context of sexual harassment, but their decisions are explicitly limited. *See, e.g.*, *Schneider v. Plymouth State Coll.*, 744 A.2d 101, 105 (N.H. 1999) ("In the context of sexual harassment by faculty members, the relationship between a post-secondary institution and its students is a fiduciary one.").

5

### 2.  Breach of Covenant of Good Faith and Fair Dealing

"[A]ll contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007). A contractual breach of the covenant of good faith and fair dealing arises where a defendant performs a contract in a manner that is unfaithful to the contract's purpose or where a defendant deliberately contravenes the intention and spirit of the contract, thus denying plaintiff's justified expectations. *Eagle SPE NV 1, Inc. v. Southern Highland Dev. Corp.*, 36 F. Supp.3d 981 (D. Nev. 2014) (citing *Morris v. Bank of Am. Nev.,* 886 P.2d 454, 457 (Nev. 1994)*; Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922 (Nev. 1991)).

Courts in other jurisdictions have recognized that the relationship between a student and a university can be understood as a contractual relationship.[3] In fact, "[t]here seems to be almost no dissent from the proposition that the relationship between a public post-secondary educational institution and a student is contractual in nature." *Kashmiri v. Regents of Univ. of California*, 156 Cal. App. 4th 809, 824 (2007) *as modified* (Nov. 28, 2007) (quoting *Wickstrom v. North Idaho College*, 725 P.2d 155, 157 (Idaho 1986)) (internal quotation marks omitted).

Robinson alleges that he applied and was accepted to OSN. (Dkt. no. 10 ¶¶ 48-52.) He attended an orientation where he was informed of the program's policies and requirements. (Id. ¶ 53.) He then enrolled in classes and participated in the nursing program until he was dismissed in May of 2013. (Id. ¶ 55.) These allegations support the existence of a contractual relationship between Robinson and the University.

Robinson further alleges that supervisors "willfully and maliciously disregarded policy," inaccurately reported tardiness, and that he was dismissed "arbitrarily and in bath faith." (Id. ¶111, 114.) When read under the liberal *pro se* standard, the Court

---

[3]The Nevada Supreme Court has not directly addressed this issue.

6

understands these allegations to include the type of bad faith behaviors that work against the spirit of the contract but fall short of breach. The Court therefore disagrees with the R&R and finds that Robinson has stated a claim for a contractual breach of the implied covenant of good faith and fair dealing.

### B. Count V: Fraud

Under Nevada law, fraud consists of the following elements: (1) false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false; (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damages. *Hakkasan LV, LLC v. VIP, UNLTD, LLC*, 63 F. Supp. 3d 1259, 1268 (D. Nev. 2014) (citing *Bulbman, Inc. v. Nevada Bell* 825 P.2d 588 (Nev. 1992)).

Robinson's fraud claim centers on the allegation that Defendants "adamantly and consistently asserted" that a later version of the student handbook, which was updated and adopted after Robinson was dismissed from the program, applied to his conduct while he was enrolled. (Dk. No. 10 ¶ 122.) The Magistrate Judge found that Robinson has not averred facts showing that Defendants had induced his reliance on one specific version of the student handbook. Therefore, the Magistrate Judge suggests, this count should also be dismissed. The Court agrees.

Robinson's fraud claim is a remixed version of his due process claim, which has been allowed to proceed. (*See* dkt. no. 9 at 5.) The gist of this claim is that Defendants did not apply the agreed upon rules and procedures to him during his dismissal proceedings. This is an allegation of a due process violation, not fraud. Because Robinson has failed to state a claim for fraud despite being given leave to cure the deficiencies identified in the Magistrate Judge's order, this claim is dismissed with prejudice.

///

///

### C. Remaining Claims and Defendants

Robinson does not object to the dismissal of the Individual Defendants in counts I, II, and III, or the dismissal of his conspiracy claim. Where a party fails to object the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made). The Court will adopt the Magistrate Judge's recommendations to dismiss the Individual Defendants in counts I, II, and III and to dismiss count VI (conspiracy).

## V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 11) be accepted and adopted in part.

It is ordered that counts I, II, III, and the breach of covenant of good faith and fair dealing claim in count IV, proceed against NHSE, UNR, and OSN, and be dismissed with prejudice against Salli J. Vannucci, Kim Baxter, Patsy Ruchala, George Rodway, Dr. Nora Constantino, Cathy Butler, Deborah Arnow, McKinnon Chappell, Thomas Schwenk, Mary Anne Lambert, and Joe Cline.

It is further ordered that the breach of fiduciary duty claim in count IV, as well as counts V and VI be dismissed with prejudice against all defendants.

DATED THIS 15th day of December 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE