MELISSA P. BARNARD
Assistant General Counsel
University of Nevada, Reno
Nevada Bar No. 4916
1664 N. Virginia St. MS 550
Reno, NV  89557-0550
(775) 784-3492
(775) 327-2202-FAX
*Attorney for Defendant*
*Nevada System of Higher Education*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**Shaun Robinson,**

      **Plaintiff,**

  **vs.**

**NEVADA SYSTEM OF HIGHER EDUCATION, et al.,**

      **Defendants.**

_____/

3:15-CV-00169-MMD-VPC

## MOTION TO DISMISS

Defendant Nevada System of Higher Education ("NSHE"), through its counsel, Assistant General Counsel Melissa P. Barnard, moves the Court to dismiss this case with prejudice.   This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and is based on all records, documents, pleadings and papers on file or to be filed in this matter, the points and authorities, the exhibits, arguments of counsel and any other matter that may properly come before the Court for its consideration of this Motion.[1]

---

[1] NSHE also filed today, a Motion to Dismiss named Defendants University of Nevada, Reno ("University") and the Orvis School of Nursing ("OSN") on the basis that these two named defendants are not legal entities capable of being sued.

1

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2014, Plaintiff Shaun Robinson ("Robinson") brought a suit against NSHE and the University of Nevada, Reno ("University") in state court alleging that he did not deserve a grade he earned in a nursing course and that the grade given by the University professor was arbitrary and capricious.  State Court Order Granting Summary Judgment, attached hereto as Exhibit 1 and incorporated herein by reference.  The failing grade was based upon Robinson's repeated and continual tardiness, his continual and repeated failure to turn in the correct assignments, his failure to turn in assignments at all, his failure to attend class and meetings, and his failure to come to class in the proper attire and proper hygiene, as outlined in the Orvis School of Nursing ("OSN") policy and handbook.  Exhibit 1, State Court Order, p. 13.  These failures were well documented throughout the semester and Robinson was given numerous warnings that he was in danger of failing the course because of these performance issues.  Exhibit 1, State Court Order, p. 6.  Nevertheless, Robinson claimed that NSHE, the University and the OSN professors acted arbitrarily and capriciously in failing him, and the grade was given in contravention of statutory laws, NSHE as well as University policies and regulations.  *Id.*  Robinson also objected to the manner in which the grade appeal process was done in his particular circumstance.  *Id.*

Robinson's state lawsuit was commenced April 3, 2014, in the Second Judicial Court in and for the County of Washoe, Case No. CV14-00706, Department 10 ("State Court" or "State Court Action").  State Court Complaint, attached hereto as Exhibit 2 and incorporated herein by reference.  The State Court Complaint named as defendants, the University of Nevada, Reno, the Nevada System of Higher Education and Doe Defendants I-X.  The Complaint alleged causes of action for: (1) arbitrary and capricious grading; (2) breach of contract; (3) breach of covenant of good faith and fair dealing; (4)

2

breach of quasi-contract; (5) breach of fiduciary duty; (6) breach of confidential relationship; (7) comparative negligence; (8) negligent supervision; (9) defamation; (10) aiding and abetting; (11) conspiracy; and (12) concert of action.  Exhibit 1, State Court Order, pp. 7-12; Exhibit 2, State Court Complaint.   The State Court Complaint also addressed the University's Grade Appeal Policy, its application to Robinson's grade appeal and the alleged problems that occurred with Robinson's grade appeal.   Exhibit 2, State Court Complaint, ¶¶ 13, 43-49.

On December 15, 2014, NSHE filed a Motion for Summary Judgment on all claims brought by Robinson.  See, Motion for Summary Judgment, attached hereto as Exhibit 3 and incorporated herein by reference.  The Motion for Summary Judgment specifically addressed Robinson's claims for breach of contract, breach of covenant of good faith and fair dealing, fraud, breach of fiduciary duty, conspiracy and concert of action.  *Id.*   Additionally, the Motion for Summary Judgment raised and discussed the Grade Appeal Policy and the actual grade appeal undertaken by Robinson.  Exhibit 3, Motion for Summary Judgment, pp. 7-9.

Robinson filed an Opposition and Amended Opposition to NSHE's Motion for Summary Judgment.  State Court Amended Opposition, attached hereto as Exhibit 4 and incorporated herein by reference.  In his Amended Opposition, Robinson argued against the facts and arguments in the Motion for Summary Judgment and also raised issues with the Grade Appeal Policy and due process violations.  Exhibit 4, Amended Opposition, pp. 9-10, 12.  Finally, Robinson argued that the nursing professors had a personal agenda and used the OSN to advance the agenda, especially in regard to men.   Exhibit 4, Amended Opposition, p. 86.   NSHE filed a Reply in support of the Motion for Summary Judgment on January 29, 2015.  State Court Reply, attached hereto as Exhibit 5 and incorporated herein by reference.

All claims in the State Court Action were dismissed on March 11, 2015, when the State Court granted summary judgment in favor of NSHE and against Robinson. Exhibit 1, State Court Order.   Robinson did not appeal the decision from the Second

1    Judicial District Court.  Instead, nine days after the State Court entered its Order

2    dismissing the case in its entirety, Robinson filed the present action with this Court.  The

3    federal action was filed on March 20, 2015, Case No. 3:15-cv-00169-MMD-VPC.  A

4    First Amended Complaint was filed on July 10, 2015.  First Amended Complaint, Dkt.

5    #8.  A Second Amended Complaint was filed on July 16, 2015.  Second Amended

6    Complaint, Dkt. #9.  The Second Amended Complaint names NSHE, the University of

7    Nevada, Reno and the Orvis School of Nursing as defendants and also named several

8    individual defendants.  *Id.*  The Court on its own initiative dismissed the individual

9    defendants from the federal action on December 15, 2015.  Order Dkt. #18.  NSHE was

10   served with the Summons and Second Amended Complaint on January 14, 2016.

11   Summons Dkt. #22.  The Summons and the Second Amended Complaint are the only

12   two documents which were served on NSHE, contrary to Robinson's numerous

13   certificates of service attached to his court filings.

14        The Second Amended Complaint alleges causes of action arising from the same

15   circumstances and facts as the State Court Action, namely Robinson's dismissal from

16   the OSN after he received a failing grade in the clinical course, NURS 318.  The

17   Second Amended Complaint raises similar allegations and alleges issues with the OSN

18   Handbook, the NURS 318 Clinical Course, a poor relationship with his clinical

19   professor, Salli Vannucci, the use of the CET to grade his work in NURS 318, and his

20   appeal of his grade through the Grade Appeal Policy.  Additionally, Robinson

21   incorrectly interpreted and argued statutory laws and regulations and University

22   policies and procedures.  The underlying factual allegation for these claims are the

23   same as found in the State Court Action.  See, Exhibit 2, State Court Complaint.

24        On December 15, 2015, this Court issued an Order accepting and adopting in

25   part, the Report and Recommendation of the Magistrate Judge.  Order Dkt. #18.  The

26   Court dismissed with prejudice, all counts against the individual defendants and also

27   dismissed with prejudice Counts 5 and 6 and the breach of fiduciary duty claim in

28   Count 4 against NSHE, the University and OSN.  The Court ordered that Count 1 (Due

Process), Count 2 (Title IX Violation), Count 3 (Breach of Contract) and Count 4 (Breach of Implied Covenant of Good Faith and Fair Dealing - only) be allowed to proceed against NSHE, the University and OSN.  Order Dkt. #18.

## II.
## STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly,* 550 U.S. at 555.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).   On a motion to dismiss, however, a court may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986); *Shaw v. Hahn,* 56 F.3d 1128, 1129, n.1 (9th Cir. 1995).   Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not *convert* a Rule 12(b)(6) motion to one for summary judgment.  *Id.*

All of the exhibits attached hereto are in the public record of this *case* and/or the public record in the state lawsuit filed by Robinson. The Court may therefore

1  decide this Motion to Dismiss based on taking judicial notice of the public records
2  attached hereto without converting the motion to one for summary judgment.

**III.**
**LEGAL ANALYSIS**

Robinson has filed two lawsuits related to the failing grade he received in the
NURS 318 clinical course at the University.  The doctrines of claim preclusion and/or
issue preclusion apply to bar this second action.

The preclusive effect of a state court judgment in a subsequent federal lawsuit
generally is determined by the full faith and credit statute, which provides that State
judicial proceedings "shall have the same full faith and credit in every court within the
United States . . . as they have by law or usage in the courts of such State . . . from
which they are taken".  *In re MGM Mirage Derivative Litig.,* 2014 U.S. Dist. LEXIS
88967, 920 (D.Nev. 2014), citing 28 U.S.C. 1738.   Section 1738 directs a federal
court to refer to the preclusion law of the state in which judgment was rendered.  *In
re MGM Mirage Derivative Litig.,* 2014 U.S. Dist. LEXIS 88967, 920 (D.Nev. 2014),
citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct.
1327, 84 L. Ed. 2d 274 (1985).   As such, Nevada state law applies to the present
matter concerning issue and claim preclusion.

**A.  Issue Preclusion**

In applying Nevada issue preclusion law, four elements must be satisfied: (1)
the issue decided in the prior litigation is identical to the issue presented in the
current action; (2) the initial ruling was on the merits and has become final; (3) the
party against whom the judgment is asserted was a party or in privity with a party to
the prior litigation; and (4) the issue was actually and necessarily litigated.  *Five Star
Capital Corporation v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008).

Here, all four prongs were met with respect to Robinson's claims in the
Second Amended Complaint.  Robinson brought specific claims in the State Court
Action for the issues of Breach of Covenant of Good Faith and Fair Dealing and

6

1    Breach of Contract.  Exhibit 1, State Court Complaint, ¶¶ 29-34.  Specifically,

2    Robinson alleged and argued in the State Court Action that NSHE did not follow the

3    policies governing the OSN Program.  Exhibit 1, State Court Complaint, ¶ 30.

4    Robinson also alleged that the OSN Handbook and Syllabus for the NURS 318

5    course created a contract between the University and Robinson.  Exhibit 1, State

6    Court Complaint, ¶¶ 32-33.  These issues are the same allegations and arguments

7    Robinson has now raised in its Second Amended Complaint.  Second Amended

8    Complaint Dkt. #18, ¶¶ 100-104.

9         Robinson also raised and litigated the issue of due process in the State Court

10   Action, specifically arguing that he was denied due process with respect to the

11   proceedings related to his grade appeal.  Exhibit 1, State Court Complaint, ¶ 1(b).

12   Again, this is the same issues Robinson is now raising in his Second Amended

13   Complaint.  Second Amended Complaint, Dkt. #18, ¶¶ 87-89.

14        The ruling in the State Court was an order granting summary judgment and

15   dismissing the case in its entirety.  Robinson did not appeal this order.  The ruling

16   was on the merits and is a final order.   Additionally, Robinson was a party to the

17   prior litigation and the judgment was asserted against him.  Finally, as demonstrated

18   above, the issues of breach of contract, implied covenant of good faith and fair

19   dealing and due process were actually and necessarily litigated in the State Court

20   Action.  As such, issue preclusion applies and Robinson's Second Amended

21   Complaint must be dismissed.

22   **B.  Claim Preclusion**

23        "[C]laim preclusion applies to all grounds of recovery that were or could have

24   been brought in the first case."  *Five Star,* 124 Nev. at 1055, 194 P.3d at 713.  To

25   successfully assert claim preclusion, a party must establish that: "(1) the parties or their

26   privies are the same, (2) the final judgment is valid, and (3) the subsequent action is

27   based on the same claims or any part of them that were or could have been brought in

28   the first case."  *Id.*  Ultimately, "claim preclusion applies to preclude an entire second suit

7

1   that is based on the same set of facts and circumstances as the first suit."  *Five Star,*
2   124 Nev. at 1055, 194 P.3d at 713-714.

3         Here, the parties are the same.  In both actions, Robinson brought the action as
4   the plaintiff and sued NSHE and the University as the defendants.   The privies are the
5   same as well.  Although Robinson did not sue the OSN in the prior lawsuit, OSN is not a
6   legal entity capable of being sued, it is merely a program or department of the
7   University's and of NSHE.  See, Second Amended Complaint Dkt. #10, ¶ 15; Motion to
8   Dismiss Dkt. #24.    Hence, the OSN is in privity with NSHE.  Additionally, as
9   demonstrated above, the final judgment in the State Court Action is a valid judgment
10  and it was not appealed by Robinson.

11        Finally, the present federal action is based on the same claims that were
12  brought or could have been brought in the State Court Action.  For example,
13  Robinson presently asserts the following claims against NSHE:  (1) due process; (2)
14  Title IX violation; (3) breach of contract; and (4) breach of implied covenant of good
15  faith and fair dealing.  Order Dkt. #18.  Claims 1, 3 and 4 were alleged in the State
16  Court Action as well.  Furthermore, the claim for Title IX violation could have been
17  brought in the State Court Action.   In fact, Robinson argued the issue of
18  discrimination in his Opposition to the Motion for Summary Judgment.  See, Exhibit
19  4, Amended Opposition, p. 86.   Specifically, Robinson argued that the nursing
20  professors had a personal agenda and used the OSN to advance the agenda,
21  especially in regard to men.  *Id.*  Hence, Robinson believed that there was different
22  treatment of men and women in the State Court Action and therefore, he could have
23  brought this claim in the State Court Action.

24        Moreover, the Second Amended Complaint and the Title IX violation claim are
25  based upon the same set of facts and circumstances as the State Court Action.   The
26  purpose of the claim preclusion doctrine is to obtain finality by preventing a party from
27  filing another suit that is based on the same set of facts that were present in the initial
28  suit.  *Five Star,* 124 Nev. at 1054-1055, 194 P.3d at 712-714.  The State Court Action

and the present action are both based upon Robinson's performance in the NURS 318 clinical course, the NURS 318 Clinical Course, a poor relationship with his clinical professor, Salli Vannucci, his animosity directed at the other professors and administration at the OSN and the University, the failing grade Robinson received in NURS 318, Robinson's interpretation of the OSN Handbook, syllabus and the CET course assignment, a document which was used to grade Robinson's work, and finally Robinson's appeal of his grade through the Grade Appeal Policy.   See, Second Amended Complaint Dkt. #10; Exhibit 2, State Court Complaint.  Both actions are also based upon Robinson's incorrect interpretation and arguments regarding Nevada statutory laws and regulations, NSHE policies and procedures and University policies and procedures.  Thus, these issues have been raised, argued and decided against Robinson in the State Court Action and he cannot re-litigate them in this case. This is a proper application of claim and issue preclusion under *Five Star Capital, supra*.

**IV.**
**CONCLUSION**

Under the doctrines of issue preclusion and claim preclusion, Robinson may not resurrect issues which were previously litigated and the subject of a final judgment nor can he bring claims which he previously brought or could have brought in a prior lawsuit. See *Five Star Capital Corp. v. Ruby et al.,* 124 Nev. 1048, 194 P.3d 709, (2008) (emphasis added).  Therefore, NSHE respectfully requests that Robinson's Second Amended Complaint be dismissed with prejudice.

/s/ Melissa P. Barnard
MELISSA P. BARNARD
Assistant General Counsel
University of Nevada, Reno
Nevada Bar No. 4916
1664 N. Virginia St. MS 0550
Reno, NV  89557-0550
(775) 784-3492
(775) 327-2202-FAX

*Attorney for NSHE*

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the University of Nevada, Reno, of the Nevada System of Higher Education, over the age of eighteen years and not a party to the within action.  I further certify that on February 5, 2016, I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of the Court by using the CM/ECF system and I deposited for mailing, postage prepaid, a true and correct copy of the foregoing addressed as follows:

SHAUN ROBINSON
6319 BLUE LAKES COURT
RENO, NV 89523

/s/ Catherine Bandoni
Employee of the University of Nevada, Reno

10