UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAUN ROBINSON,<br><br>Plaintiff,<br>v.<br><br>NEVADA SYSTEM OF HIGHER EDUCATION, *et al.*,<br><br>Defendants. | Case No. 3:15-cv-00169-MMD-VPC<br><br>ORDER |

The Court previously adopted the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke, except for the recommendation to dismiss Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing as alleged in count IV. (Dkt. no. 18 ("Order").) As a result, the Court dismissed Plaintiff's claim for fraud as alleged in count V. (*Id.*) Plaintiff has filed a motion for reconsideration of the Court's dismissal of his fraud claim ("Motion") under Federal Rule of Civil Procedure 60. (Dkt. no. 21.)

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D.

Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion).

Plaintiff contends that a typographical error that he made warranted reconsideration. (*Id.* at 4-6.) The error relates to Plaintiff's allegations as to when he was informed of changes to the Orvis School of Nursing Handbook ("OSN Handbook"). In the Order, the Court indicated in a footnote that Plaintiff's objection makes one factual clarification — he was informed of changes to the Orvis School of Nursing ("OSN") Handbook on January 29, 2014, rather than 2013. (Dkt. no. 18 at 1 n. 1, citing dkt. no. 13 at 10.) In his Motion, Plaintiff seeks to correct that the date these changes were communicated by Kim Baxter was January 2015, not 2014. (Dkt. no. 21 at 4-6.) Plaintiff expresses concerns that this factual error caused the Court to incorrectly assume that Plaintiff knew of these changes before he started. However, in dismissing the fraud claim, the Court determined that the allegations fail to state a claim, not that the allegations contain inconsistent factual assertions. In short, the error Plaintiff made with respect to the date when the changes to the OSN Handbook were communicated is of no import to the Court's decision to dismiss the fraud claim.

Plaintiff's Motions raises other conclusory arguments, including the contention that he may plead alternative theories and his allegations satisfy the elements of fraud. These arguments do not offer a reason justifying reconsideration.

It is therefore ordered that Plaintiff's motion for reconsideration (dkt. no. 21) is denied.

DATED THIS 5th day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE