UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAUN ROBINSON,<br><br>                              Plaintiff,<br>       v.<br><br>NEVADA SYSTEM OF HIGHER<br>EDUCATION, et al.<br><br>                              Defendants. | Case No. 3:15-cv-00169-MMD-VPC<br><br>ORDER<br><br>(Defs.' Motions to Dismiss<br>— ECF Nos. 23, 24.) |

**I.    SUMMARY**

Before the Court are Defendants Nevada System of Higher Education ("NSHE"), University of Nevada, Reno ("UNR") and Orvis School of Nursing's Motions to Dismiss ("Motions"). (ECF Nos. 23, 24.) The Court has also reviewed Plaintiff Shaun Robinson's ("Robinson") responses (ECF Nos. 27, 28), Defendants' replies (ECF Nos. 35, 36), and Robinson's surreply (ECF No. 37).[1] For the reasons set forth below, the Motions are granted.

---

[1] Defendants object to Robinson's attempt to file a surreply, arguing that he has not complied with LR 7-2(g), which prohibits supplemental briefing without leave of court. Defendants also argue Robinson did not identify any grounds for filing additional briefing. (ECF No. 39 at 2-3.) Keeping Robinson's *pro se* status in mind, the Court finds that he attempted to comply with the local rule by identifying the relevant standards and his reasons for filing in the first portion of his brief, and that he presented a plausible argument that he was addressing new arguments raised in Defendants' replies. Therefore, the Court denies Defendants' motion to strike Robinson's surreply (ECF. No. 39) and will consider Robinson's additional arguments in assessing the Motions.

## II. BACKGROUND

Plaintiff Shaun Robinson, who is proceeding *pro se* and *in forma pauperis*, is a former nursing student at UNR. Robinson filed this suit in federal court after his dismissal from Orvis School of Nursing ("OSN"), and following an order granting summary judgment for the defendants in a suit he filed in Nevada state court.

The timeline and details of relevant events in Robinson's federal case are set out in the Magistrate Judge's report and recommendation ("R&R"). (ECF No. 11.) In a screening order adopting the R&R in part, the Court dismissed several individual defendants and Robinson's counts IV, V and VI. (ECF No. 18.) Robinson was permitted to proceed on the following claims from his Second Amended Complaint ("SAC"): (1) violation of the Fourteenth Amendment; (2) violation of Title IX of the Civil Rights Act; (3) breach of contract; and (4) breach of covenant of good faith and fair dealings. (*Id.*)

Defendant NSHE seeks dismissal based on the theory that Robinson was precluded from bringing the remaining claims because he had already litigated and lost in state court. (ECF No. 23) It is undisputed that in 2014, Robinson brought suit against NSHE and UNR in Nevada state court ("State Action"), alleging causes of action for (1) arbitrary and capricious grading; (2) breach of contract; (3) breach of covenant of good faith and fair dealings; (4) breach of quasi-contract; (5) breach of fiduciary duty; (6) breach of confidential relationship; (7) comparative negligence; (8) negligent supervision; (9) defamation; (10) aiding and abetting; (11) conspiracy; and (12) concert of action. (ECF No. 23 at 2-3; *see* ECF No. 23-2; ECF No. 28-5.) NSHE filed a motion for summary judgment. (ECF No. 23-3.) The Second Judicial District Court of the State of Nevada granted the motion for summary judgment on all of Robinson's claims on March 11, 2015 ("State Court Order"). (*See* ECF No. 23-1; ECF No. 28-2.) Accordingly, NSHE argues that Robinson is precluded from resurrecting his claims in federal court.

Alternatively, Defendants UNR and OSN seek dismissal on the basis that neither is a legal entity capable of being sued. (ECF No. 24.) Defendants argue that NSHE is the legal and corporate name of the State University of Nevada administered by the Board

2

of Regents. (*Id.* at 4.) UNR is merely an institution with the NSHE, and OSN is a program at UNR. (*Id.*) Accordingly, Defendants contend that UNR and OSN cannot be sued independently from NSHE. (*Id.*)

## III. LEGAL STANDARD

### A. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks

///

3

1  omitted). When the claims in a complaint have not crossed the line from conceivable to
2  plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

3        A complaint must contain either direct or inferential allegations concerning "all the
4  material elements necessary to sustain recovery under *some* viable legal theory."
5  *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,
6  1106 (7th Cir. 1989) (emphasis in original)).

7        Generally, a court may not consider any material beyond the pleadings in ruling
8  on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th
9  Cir. 2003). When considering a motion to dismiss, however, "a court may take judicial
10 notice of 'matters of public record.'" *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir.
11 2001) (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The
12 Court may also consider proceedings in other courts that "have a direct relation to
13 matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971
14 F.2d 244, 248 (9th Cir. 1992). Accordingly, the Court may consider "matters of the public
15 record" in issuing this motion to dismiss without converting a Rule 12(b)(6) motion to one
16 for summary judgment. *Lee*, 250 F.3d at 688-89; *see, e.g.*, *Heisen v. Pac. Coast Bldg.*
17 *Products, Inc.*, 26 F.3d 130 (9th Cir. 1994).

18       Mindful of the fact that the Supreme Court has "instructed the federal courts to
19 liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d
20 1132, 1137 (9th Cir. 1987), the Court will view Robinson's pleadings with the appropriate
21 degree of leniency. However, "*pro se* litigants in the ordinary civil case should not be
22 treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790
23 F.2d 1362, 1364 (9th Cir. 1986). Moreover, *pro se* litigants are bound by the same rules
24 of procedure as other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

25 **IV. DISCUSSION**
26     **A. Legal Entities Capable of Being Sued**
27       Defendants UNR and OSN argue they are not legal entities capable of being sued
28 separately from NSHE. (ECF No. 24.) According to UNR and OSN, as institutions of the

4

NSHE, suing UNR and OSN would be akin to suing the accounting department of a company. (ECF No. 36 at 1-2.)

NRS § 396.020 provides that the legal and corporate name for the State University is the University of Nevada and that it is administered by a Board of Regents, collectively known as the Nevada System of Higher Education (which the Court refers to as "NSHE" in this Order). NSHE comprises all the various institutions and facilities that the Board of Regents deems appropriate. NRS § 396.020. Further, courts have established that the university system, including UNR, exists under NSHE as a branch of the Nevada state government. *See, e.g., Johnson v. Univ. of Nev.*, 596 F. Supp. 175 (D. Nev.1984); *Cuviello v. Nevada*, No. 3:12-CV-00529-MMD, 2013 WL 5236554 (D. Nev. Sept. 16, 2013).

Here, UNR is one of the institutions within NSHE, and OSN is an academic program at that institution. (ECF No. 24 at 10.) Robinson alleges in his complaint that UNR "is an institution which belongs to the Nevada System of Higher Education." (ECF No. 10 at 3.) He also alleges that OSN is a professional degree program at UNR within NSHE. (*Id.* at 4.) More specifically, Robinson concedes that UNR and OSN are all part of NSHE and cannot exist by themselves. (*See* ECF No. 27 at 8, 16.) Robinson does not dispute the relationship among NSHE, UNR and OSN, and the Court concludes that UNR and OSN are not distinct legal entities.

Because Robinson can effectively litigate all his claims against NSHE, he has failed to state a claim upon which relief can be granted against UNR and OSN. Accordingly, UNR and OSN are dismissed.

**B.    Claim Preclusion**

"Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 327 (9th Cir.1995). "Res judicata [claim preclusion] bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties in the same cause of

action." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1319 (9th Cir. 1992). Under "the Full Faith and Credit Act, federal courts must give state judicial proceedings 'the same full faith and credit ... as they have by law or usage in the courts of [the] State ... from which they are taken.'" *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (quoting 28 U.S.C. § 1738) (other citations omitted)). The "Act requires federal courts to apply the res judicata rules of a particular state to judgments issued by courts of that state." *Id.*

In Nevada, there are three elements that must be shown to assert claim preclusion: "the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) *holding modified by Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015) (modifying only the privity requirement for nonmutual claim preclusion). Claim preclusion doctrine is designed to prevent parties from filing another suit based on the "same set of facts" that were present in a prior suit. *Id.* at 712.

Defendants have shown that all three claim preclusion requirements are met with respect to Robinson's claims for breach of contract and breach of the covenant of good faith and fair dealing. First, the parties in both the State Action and the instant action are identical. In both, Plaintiff named NSHE and UNR as defendants. (ECF No. 23-2; ECF No. 28-5.) Robinson also references and brought claims against individual employees at OSN in both complaints. (*Id.*) As discussed above, both OSN and UNR are institutions within NSHE and are indistinguishable for the purposes of this litigation. Thus, the parties are the same in both the state and federal cases.

Second, the final judgment was on the merits. "[A] final, appealable judgment is one that disposes of the issues presented in the case and leaves nothing for the future consideration of the court." *Benchmark Ins. Co. v. Sparks,* 254 P.3d 617, 620 (Nev. 2011). Orders granting summary judgment are final, appealable judgments. *See Lee v. GNLV Corp.*, 996 P.2d 416, 418 (Nev. 2000). The state court issued an order granting

6

summary judgment in favor of the defendants in the state action on March 11, 2015. (*See* ECF No. 23-1; ECF No. 28-2.) This judgment was final and appealable subject to Nev. R. Civ. P. 60(b), which allows parties to move for reconsideration of an order. Instead of filing an appeal or a motion for reconsideration, however, Robinson filed the instant action.

Third, Robinson's claims are based on the same claims that were, or could have been brought, in the State Action. Robinson pled substantially the same set of facts in both his SAC (*see* ECF No. 10) and his complaint filed in the State Action. (*See* ECF No. 28-5.) In short, Robinson alleges that he was unfairly dismissed from OSN after he failed his clinical class due to his professor's bias and arbitrary grading. (*See* ECF No. 10.) Robinson also contends that UNR's policies precluded him from a fair grading appeal process. (*Id.*) Based on the same factual allegations, Robinson brought similar legal claims in both the State Action and the instant action.

In his SAC, Robinson claims a violation of his due process rights. (ECF No. 10 at 19.) Robinson alleges that Defendants arbitrarily dismissed him from OSN without a fair appeals process. (*Id.*) While the State Court Order did not specifically address due process, it was functionally addressed as "arbitrary and capricious grading." (ECF No. 23-2 at 3-6.) The state court found that Robinson had "provided no evidence to establish the professor did not have a rational basis for her grading decision." (ECF No. 23-2 at 6.) Moreover, Robinson argued he was denied due process by UNR throughout the State Action. (*See* ECF No. 23-2 at 3, 46-49; ECF No. 23-4 at 10-11, 13.) Accordingly, Robinson's due process claim is based on the same set of facts and a similar claim brought in his State Action.

Robinson also brings a discrimination claim under Title IX. Robinson alleges that he was dismissed from OSN and denied re-admission because of his gender. (ECF No. 10 at 20-21.) This claim is not articulated in Robinson's state court complaint (*see* ECF No. 23-2; ECF No. 28-5), nor addressed expressly in the State Court Order. (*See* ECF No. 23-1.) The Title IX claim, however, simply presents an alternate theory for the

7

1  motivation behind the same actions he believes violated his rights. Claim preclusion
2  applies to all claims that "could have been asserted whether they were or not." *Clark*,
3  966 F.2d at 1319. Additionally, Robinson raised the issue of gender discrimination issue
4  in his Amended Opposition to the State Court Order. (ECF No. 23-4 at 87. ("OSN
5  professor's [sic] have a personal agenda which utilizes the Orvis School of Nursing to
6  advance them especially in regards [sic] to men.") The underlying factual allegations are
7  the same as those pled in his state court complaint and addressed in the State Court
8  Order. For instance, Robinson alleged in the State Action that his clinical professor
9  falsely accused him of unprofessional behavior related to his attire and appearance.
10 (ECF No. 23-1 at 10; ECF No. 10 at 13-14.) As such, Robinson could have brought this
11 claim in State Action.

12 Lastly, Robinson alleges breach of contract, and breach of covenant of good faith
13 and fair dealing. (ECF No. 10 at 21-27.) These contract claims were specifically pled
14 (ECF No. 23-2 at 32-34) and decided in the State Action. (*See* ECF No. 23-1.) Clearly,
15 these contract claims are subject to claim preclusion.

16 In opposition to the motion to dismiss, Robinson alleges deficiencies with the
17 fairness of the state court decision. The Ninth Circuit and Supreme Court have both
18 made clear that "a party has had a full and fair opportunity to litigate if the procedures
19 provided meet the requirement of the Due Process Clause of the Fourteenth
20 Amendment." *Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d
21 600, 606 (9th Cir. 1986) (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461,
22 482-83 (1982)). Robinson is correct that a state court judgment may not have preclusive
23 effect if it was obtained through "extrinsic fraud." *See In re Lake*, 202 B.R. 751, 758
24 (B.A.P. 9th Cir. 1996). Extrinsic fraud means that "there has been no fair adversary trial
25 at law, either because the aggrieved party was kept in ignorance of the action or
26 proceeding, or in some other way fraudulently prevented from presenting his claim or
27 defense." *Id*.
28 ///

Robinson's account of the State Action seems to mainly show confusion and frustration with the process, and disagreement with the legal rulings, rather than fundamental defects. Robinson argues that the State Action was plagued with wrongdoing on the part of everyone from the judge to the arbitrator to the defense counsel. (ECF No. 28 at 7-11.) He specifically alleges that the defendants committed fraud on the court by presenting an inaccurate version of the student handbook. (*Id.* at 25.) Robinson, however, had the opportunity to examine this evidence and present argument to the state court about why it did or did not support the defendants' request for summary judgment. If he disagreed with the state trial court's conclusion, he had the opportunity to request reconsideration or appeal. Rather than utilize the existing state court procedures to set aside the judgment on the basis of fraud, Robinson filed a new suit in federal court. This Court cannot determine that Robinson was "fraudulently prevented from presenting his claim or defense" based simply on his disagreements with the state court rulings. Furthermore, the Court cannot determine that Robinson was not afforded a full and air opportunity to litigate when he did utilize available state court procedures to address his concerns with the trial court's ruling.

Since Robinson relies on the same set of facts and similar claims that were, or could have been brought, in his State Action, he is barred from bringing those claims in federal court. Accordingly, the Court finds that claim preclusion bars Robinson's claims.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions.

It is therefore ordered that Defendants' Motions to Dismiss (ECF No. 23, 24) are granted. Robinson's Second Amended Complaint (ECF No. 10) is dismissed with prejudice.

It is further ordered that Defendants' Motion to Strike (ECF No. 39) is denied.

1    The Clerk of the Court is directed to enter judgment in favor of Defendants in
2    accordance with this Order and close this case.

3    DATED THIS 15th day of July 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE